**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**CRAIN CDJ LLC,** *et al.*                                                                      **PLAINTIFFS**

vs.                                               **4:08-CV-03605**

**REGENCY CONVERSIONS LLC formerly**
**known as REGENCY CONVERSIONS, INC.,** *et al.*                       **DEFENDANTS**

## ORDER

Pending is Defendant Regency Conversion's Motion To Dismiss (Doc. No. 3). Plaintiffs (collectively "Crain") have responded (Doc. No. 15). For the reasons set out below, Defendant's Motion is GRANTED.

## I. BACKGROUND

Plaintiffs allege that Defendant Regency modifies previously assembled and manufactured motor vehicles and then sells the vehicles to automobile dealerships throughout the United States.[1] Defendant Regency, a Texas corporation, allegedly sold and delivered to Plaintiffs automobiles to be resold from Plaintiffs' lots.[2] Plaintiffs allege that Regency acted contrary to industry practice by selling the automobiles -- prior year models -- for the price of current year models.[3]

Plaintiffs assert that no formal sales agreement ever existed between the parties, and that Regency negotiated with a Crain employee who had no authority to purchase the vehicles on Plaintiffs' behalf.[4] Plaintiffs also allege that Defendants Knight and Petrie, Regency employees,

---

[1] Doc. No. 14.

[2] *Id*. It appears that Regency sold and delivered 71 automobiles to Plaintiff, but that Plaintiff could not sell 35 of the 71 vehicles. Doc. No. 14.

[3] *Id*.

[4] *Id*.

1

paid former Crain employee Daryl Stone ("Stone") through checks delivered to Stone's personal address, kickbacks to induce Stone to purchase automobiles from Regency.[5] Apparently, Plaintiffs have not sold 35 of the automobiles purchased from Regency and want a refund; Plaintiffs assert Regency has not met Plaintiffs' demands for a refund made under Ark. Code Ann. § 23-112-403(a)(2)(K)(i).[6]

Plaintiffs also allege that Regency was required by law to be licensed by the Arkansas Motor Vehicle Commission, but that Regency engaged in business in Arkansas as a second-stage manufacturer or converter without being licensed.

Plaintiffs filed an Amended Complaint with seven claims. Defendant Regency's Motion To Dismiss, which was filed before Plaintiffs' Amended Complaint, asks the Court to dismiss what are now Counts One through Three of the Amended Complaint.[7]

Count One alleges, in part, that Defendant Regency violated Ark. Code Ann. § 23-112-301 by selling automobiles to Plaintiffs without being licensed.[8] Count Two alleges, in

---

[5]*Id*.

[6]*Id*.

[7]Doc. No. 14. The original Complaint contained only the three claims discussed in this Order. Doc. No. 2.

[8]Ark. Code Ann. § 23-112-301 reads, in relevant part:
(a) Notwithstanding any other statute, the following acts are declared to be unlawful:
    (1) The violation of any of the provisions of this chapter; and
    (2) For any person to engage in business as, or serve in the capacity of, or act as a new motor vehicle dealer, motor vehicle salesperson, motor vehicle lessor, manufacturer, distributor, factory branch or division, distributor branch or division, factory representative, distributor representative, second-stage manufacturer, or converter . . . in this state without first obtaining a license therefor as provided in this chapter, regardless of whether or not the person maintains or has a place of business in this state.

2

part, that Regency did not act in compliance with Ark. Code Ann. § 23-112-403(a)(1)(A).[9] Count Three alleges that Regency failed to respond to or meet Plaintiffs' demands made under Ark. Code Ann. § 23-112-403(a)(2)(K)(i).[10]

Defendant Regency asserts that Counts One, Two, and Three should be dismissed, because the provisions of the Arkansas Motor Vehicle Act relied on by Plaintiffs in those Counts do not apply to Regency.[11] In support of its position, Regency submitted a letter from the Arkansas Motor Vehicle Commission ("AMVC") that reads, in part: "[d]uring its August 20th, 2008, meeting, the Commission discussed whether or not Regency Conversions should receive a license to operate in Arkansas. It was determined that Regency is not required to obtain a license to operate as a converter, second-stage manufacturer, or distributor."[12]

---

[9]Ark. Code Ann. § 23-112-403(a)(1)(A) reads:
(a) It shall be unlawful:
    (1) For a manufacturer, distributor, second-stage manufacturer, importer, converter, distributor branch or division, or factory branch or division, or an officer, agent, or other representative thereof, to coerce or attempt to coerce any motor vehicle dealer:
    (A) To order or accept delivery of any motor vehicles, appliances, equipment, parts, or accessories therefor or any other commodities which shall not have been voluntarily ordered by the motor vehicle dealer.

[10]Ark. Code Ann. § 23-112-403(a)(2)(K)(i) reads:
(a) It shall be unlawful:
    (2) For a manufacturer, distributor, distributor branch or division, or factory branch or division, or an officer, agent, or other representative thereof;
    (K) Notwithstanding the terms of any franchise agreement, to fail to pay to a dealer or any lienholder in accordance with their respective interests after the termination of a franchise:
    (i) The dealer cost plus any charges by the manufacturer, distributor, or a representative for distribution, delivery, and taxes, less all allowances paid to the dealer by the manufacturer, distributor, or representative for new, unsold, undamaged, and complete motor vehicles of current model year and one (1) year prior model year in the dealer's inventory.

[11]Doc. No. 4.

[12]Doc. No. 4.

**II. DISCUSSION**

A court may dismiss a claim under Rule 12(b)(6) "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."[13] In considering a motion under Rule 12(b)(6), the Court assumes the facts in the complaint are true.[14]

The General Assembly passed the Arkansas Motor Vehicle Commission Act[15] (the "Act") to, among other reasons, "regulate and to license motor vehicle manufacturers, factory branches and divisions, distributors, distributor branches and divisions, distributor representatives, [and] new motor vehicle dealers . . . in order to prevent frauds, unfair practices, discrimination, impositions, and other abuses . . . ."[16] The Act provides:

> Any licensee suffering pecuniary loss because of any willful failure by any other licensee to comply with any provision of this chapter . . . or with any rule or regulation promulgated by the Arkansas Motor Vehicle Commission under the authority vested in it by this chapter, may recover reasonable damages and attorney's fees therefor in any court of competent jurisdiction.[17]

The Act defines "second-stage manufacturer" or "converter" as "a person, firm, or corporation who, prior to retail sale of a motor vehicle: (A) [a]ssembles, installs, or affixes a body, cab, or special equipment to a chassis; or (B) [s]ubstantially adds to, subtracts from, or

---

[13]*Reis v. Walker*, 491 F.3d 868, 870 (8th Cir. 2007) (citation omitted).

[14]*Koehler v. Rody*, 483 F.3d 590, 596 (8th Cir. 2007).

[15]Ark. Code Ann. §§ 23-112-101, *et seq*.

[16]Ark. Code Ann. § 23-112-102(b)(1).

[17]Ark. Code Ann. § 23-112-105.

4

modifies a previously assembled or manufactured motor vehicle."[18] The Act requires any person engaged in the business of second-stage manufacturer or converter to be licensed.[19]

Plaintiffs assert that "Regency cannot, with a straight face, argue that it is not a second-stage manufacturer."[20] Plaintiffs maintain that Defendant Regency *should* be licensed by the AMVC.[21] Plaintiffs assert the AMVC's letter -- providing that Regency is not required to obtain a license -- seems to be in direct conflict with Arkansas law, and Plaintiffs ask the Court to enforce Arkansas law and disregard the AMVC's determination.

### A. Ark. Code Ann. § 23-112-403(a)(2)(K)(i)

Ark. Code Ann. § 23-112-403(a)(2)(K)(i) makes it unlawful for a "manufacturer, distributor, distributor branch or division, or factory branch or division, or an officer, agent, or other representative thereof" to fail to pay a dealer in accordance with certain of its interests.[22] Plaintiffs urge that "a logical reading of the act would seem to mean that the legislature intended for entities such as the Defendant Regency to be subject to all provisions of that act."[23] I am not persuaded.

Notably, Ark. Code Ann. § 23-112-403(a)(1) makes certain acts by second-stage manufacturers and converters, among others, unlawful.[24] If the legislature had intended to make acts by second-stage manufactures and converters unlawful under § 23-112-403(a)(2)(K)(i), it

---

[18] Ark. Code Ann. § 23-112-103(27).

[19] Ark. Code Ann. § 23-112-301(a)(2).

[20] Doc. No. 16.

[21] *Id.*

[22] Ark. Code Ann. § 23-112-403(a)(2)(K)(i).

[23] Doc. No. 16.

[24] Ark. Code Ann. § 23-112-403(a)(1).

seems to me that the legislature would have included second-stage manufacturers and converters in that section. Because second-stage manufacturers and converters are excluded from that section, and because Plaintiffs assert Defendant Regency is a second-stage manufacturer or converter, no relief can be granted under Plaintiffs' Count Three.

### B. Second-Stage Manufacturer or Converter

At this stage, the AMVC letter providing that Regency is not required to obtain a license is evidence that Regency does not operate as a converter, second-stage manufacturer, or distributor. Thus, it appears that the provisions of the Act relied on by Plaintiffs in Counts One and Two of their Amended Complaint do not apply to Regency.

Plaintiffs ask the Court to disregard the AMVC's finding and rule that Regency is required to be licensed as a converter or second-stage manufacturer. Plaintiffs, however, provide no support for their request. Further, Plaintiffs have not demonstrated that the letter from the AMVC is a final decision, or that they have first challenged the AMVC's determination at an administrative level. Because the AMVC determined that Regency was not required to be licensed, no relief can be granted under Plaintiffs' Counts One and Two.

## III. CONCLUSION

Defendant's Motion To Dismiss is GRANTED in connection with Counts One, Two, and Three of Plaintiffs' Amended Complaint. Counts One and Two of Plaintiffs' Complaint are DISMISSED without prejudice; Count Three of Plaintiffs' Amended Complaint is DISMISSED with prejudice.

IT IS SO ORDERED this 7th day of November, 2008.

/s/ Wm. R. Wilson, Jr. _____
UNITED STATES DISTRICT JUDGE