IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**CRAIN CDJ LLC,** *et al.*                                                                           **PLAINTIFFS**

vs.                                          **4:08CV03605-WRW**

**REGENCY CONVERSIONS LLC formerly
known as REGENCY CONVERSIONS, INC.,** *et al.*                          **DEFENDANTS**

<u>ORDER</u>

Pending are Defendants' Motions to Dismiss (Doc. Nos. 22, 25). Plaintiffs have responded (Doc. No. 27). For the reasons set out below, Defendants' Motions are DENIED.

**I. DISCUSSION**

A court may dismiss a claim under Rule 12(b)(6) "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."[1]  In considering a motion under Rule 12(b)(6), the Court assumes the facts in the complaint are true.[2]

Defendants assert that Counts IV, V, and VI of Plaintiffs' Amended Complaint[3] should be dismissed for failing to meet relevant pleading standards. Plaintiffs maintain that Counts IV, V, and VI meet pleading standards. I agree.

A. <u>Count IV (Fraud) and Count V (Civil Conspiracy)</u>

Under Arkansas law, "[t]o establish fraud a plaintiff must show: (1) a false representation of material fact; (2) knowledge that the representation is false; (3) intent to induce action or inaction in reliance upon the representation; (4) justifiable reliance upon the representation; and

---

[1]*Reis v. Walker*, 491 F.3d 868, 870 (8th Cir. 2007) (citation omitted).

[2]*Koehler v. Rody*, 483 F.3d 590, 596 (8th Cir. 2007).

[3]Doc. No. 14.

1

(5) damage suffered as a result of the reliance."[4] Federal Rule of Civil Procedure 9(b) requires a plaintiff to plead fraud with particularity.[5] "This means the who, what, when, where, and how: the first paragraph of any newspaper story."[6]

Plaintiffs' Amended Complaint sets out the who, what, when, where, and how with enough particularity to survive Defendants' Motions to Dismiss.[7]

Plaintiffs' Amended Complaint also pleads civil conspiracy sufficiently enough to survive Defendants' Motions.[8]

B. <u>Count VI - Punitive Damages</u>

Defendants assert that Plaintiffs cannot plead punitive damages without having sufficiently pled substantive causes of action in Counts IV and V. This argument is now moot. Defendants also contend that Plaintiffs' Count VI does not set out facts meeting the requisite legal standard for awarding punitive damages under Arkansas law. Count VI of Plaintiffs' Amended Complaint is scant, but the rest of the Amended Complaint alleged facts that could warrant punitive damages. Thus, the Amended Complaint withstands Defendants' Motions to Dismiss.

---

[4]*Archer-Daniels-Midland Co. v. Beadles Enters.*, 367 Ark. 1, 6 (2006) (citing *McAdams v. Ellington*, 333 Ark. 362, (1998)).

[5]Fed. R. Civ. P. 9(b).

[6]*Great Plains Trust Co. v. Union Pac. R.R. Co.*, 492 F.3d 986, 995 (8th Cir. 2007) (citing *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990)).

[7]See Doc. No. 14.

[8]See *id*.

## CONCLUSION

Counts IV, V, and VI of Plaintiffs' Amended Complaint are sufficiently pled to survive Defendants' Motions to Dismiss. Accordingly, Defendants' Motions are DENIED.

IT IS SO ORDERED this 24th day of November, 2008.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE