**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**CRAIN CDJ LLC,** *et al.*                                                                                    **PLAINTIFFS**

v.                                              **4:08CV03605-WRW**

**REGENCY CONVERSIONS LLC** *et al.*                                                         **DEFENDANTS**

## ORDER

Pending is Plaintiffs' unopposed Motion for Default Judgment as to Separate Defendant Regency Conversions, LLC (Doc. No. 41). For the reasons set out below, the Motion is GRANTED.

In a February 25, 2009, Motion,[1] Defendant Regency indicated that because a secured lender of Regency foreclosed on and liquidated all of Regency's assets, Regency had no funds to further defend this lawsuit. Regency's Motion further stated that "a default judgment may be entered against Regency in this matter."[2]

A March 13, 2009, Order referred this case to the Clerk of the Court for consideration of entry of a Clerk's default against Defendant Regency.[3] The Clerk of the Court entered default against Regency.[4]

Plaintiffs then filed a Motion for Default Judgment against Regency.[5] In their Motion, Plaintiffs identified a sum certain -- $402,522.91 in compensatory damages.[6] Plaintiffs included

---

[1] Doc. No. 38.

[2] *Id.*

[3] Doc. No. 39.

[4] Doc. No. 40.

[5] Doc. No. 41.

[6] *Id.*

a spreadsheet explaining the losses, and an affidavit verifying that $402,522.91 is a fair representation of the losses.[7] Plaintiffs also request punitive damages in an amount to be determined by the Court.

Under Federal Rule of Civil Procedure 55(b)(2), "[t]he court may conduct hearings or make referrals . . . when, to enter or effectuate a judgment, it needs to . . . ."[8]  "The need for a hearing is within the sound discretion of the district court under Fed. R. Civ. P. 55(b)(2)(B)."[9] "It is a familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recovery and to give judgment accordingly."[10]

I find that Plaintiffs are lawfully entitled to the amount of $402,522.91 in compensatory damages, and no punitive damages. Accordingly, judgment will be entered in the amount of $402,522.91.

IT IS SO ORDERED this 2nd day of April, 2009.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[7]*Id.*

[8]Fed. R. Civ. P. 55(b)(2).

[9]*Stephenson v. El-Batrawi*, 524 F.3d 907, 916 (8th Cir. 2008).

[10]*Pope v. United States*, 323 U.S. 1, 12 (1944).