## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

**CRAIN CDJ LLC,** *et al*.                                                                                **PLAINTIFFS**

**v.**                                                    **4:08CV03605-WRW**

**REGENCY CONVERSIONS LLC** *et al*.                                                    **DEFENDANTS**

### ORDER

Pending is Defendants' Second Motion to Compel / Motion for Sanctions (Doc. No. 53). Plaintiffs have responded,[1] and Defendants have replied.[2] For the reasons set out below, the Motion is GRANTED.

Defendants filed their first Motion to Compel on September 3, 2009.[3] Plaintiffs' Response conceded that Plaintiffs did not provide Defendants certain requested information.[4] Plaintiffs stated that at the time Plaintiffs responded, they did not have all the information Defendants requested, but expected to have that information within two weeks.[5] A September 22, 2009, Order directed Plaintiffs to provide Defendants with the requested discovery by Tuesday, September 29, 2009.[6]

---

[1] Doc. No. 58.

[2] Doc. No. 67.

[3] Doc. No. 48.

[4] Doc. No. 50.

[5] *Id*.

[6] Doc. No. 52.

On November 5, 2009, Defendants filed their Second Motion to Compel,[7] which seeks some of the same information as Defendants' first Motion to Compel. Specifically, Defendants' Second Motion to Compel asks for discovery that is necessary for the calculation of damages.[8]

Plaintiffs concede that they have not provided some of the documents requested by Defendants.[9] Defendants requested copies of the deal files for every vehicle sold by Plaintiffs' three dealerships for 2007 and 2008. Plaintiffs maintain that providing the documentation is "an extremely burdensome, laborious and time consuming task," and that the documents would have to be redacted because they contain personal information about customers.[10] Because of the burden of producing the documents, among other things, Plaintiffs filed a Second Amended Complaint[11] omitting their claims for damages related to "inflated sales prices and selling prior model year vehicles at current model year pricing" as to Defendants Knight and Petrie.[12] Plaintiffs assert that withdrawing those claims renders moot Defendants' Motion to Compel.[13]

Defendants disagree that the dropped claims moot Defendants' Motion to Compel.[14] Defendants maintain that because Plaintiffs still seek compensatory and punitive damages,

---

[7]Doc. No. 53.

[8]*Id.*

[9]Doc. No. 59.

[10]*Id.*

[11]Doc. No. 65.

[12]Doc. No. 59.

[13]*Id.*

[14]Doc. No. 67.

Defendants are entitled to present evidence of Plaintiffs' actual profits on the cars and trucks sold.[15] Defendants assert they need the full sales files to be able to properly analyze Plaintiffs' profits, and that the files on vehicles sold by Plaintiff in 2007 and 2008 are needed to compare profit margins on non-Regency vehicles to margins on the Regency cars and trucks.[16] Defendants contend that documents related to spiff and other incentive agreements are needed to show how sales incentives on non-Regency vehicles were directed.[17]

It seems to me that the information Defendants request is relevant to their defense against Plaintiffs' claims. Under Federal Rule of Civil Procedure 26, Defendants should be able to obtain that information. Accordingly, Defendants' Motion to Compel is GRANTED. Defendants' Motion for Sanctions is DENIED. Plaintiffs are directed to start producing the requested documents forthwith. The parties may file a motion for protective order, if one is needed to protect any private, consumer information. The parties are directed to update the Court on the production of documents by 5:00 p.m., Monday, December 21, 2009.

IT IS SO ORDERED this 4th day of December, 2009.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[15]*Id.*

[16]*Id.*

[17]*Id.*